BYE, Circuit Judge,
concurring.
The district court’s limited comments in support of the sophisticated means enhancement provide no guidance to us in reviewing the propriety of the enhancement. Other than the conclusory state *990 ment that Kline’s “mechanisms and methods were highly sophisticated,” the only finding the district court made was that Kline acquired his fraudulent skills “over a long period of time.” But the “long period of time” at issue included more time prior to the effective date of the sophisticated means enhancement than after. The district court’s inadequate fact findings are our only barrier to determining whether application of the enhancement violated the ex post facto clause. Under these circumstances, I agree the interests of justice require a remand. I write separately to add that I do not believe a sophisticated means enhancement is justified based on my review of the record. I agree with the probation officer who prepared the PSR, as well as the prosecuting attorney who initially agreed that sophisticated means were not involved.
First, the fact that Kline’s fraud occurred over a long period of time is not enough to apply the enhancement. Extensive fraud is not necessarily sophisticated fraud. The guidelines already account for the extent of Kline’s fraud by adding 13 levels to his base offense level under § 2Fl.l(b)(l)(N).
On appeal, the government argues there is “no dispute about Kline’s long-standing use of PMI and other corporate shells to perpetrate his fraud scheme and avoid detection.” Although the comments to the guidelines suggest the sophisticated means enhancement “ordinarily” applies when a defendant hides assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts, U.S.S.G. § 2B1.1 comment, n. 6(C), I find no evidence in the record to support the government’s claim that PMI was a “corporate shell.”
Kline’s plea agreement merely describes PMI as “an investment company solely owned and controlled by defendant.” Plea Agreement at 4. A solely-owned investment company is not necessarily a corporate shell. The PSR likewise refers to PMI as a “personal holding company” owned solely by Kline. PSR at ¶ 15. A solely-owned personal holding company does not equate to a corporate shell either. I found no information within the record which indicates PMI was anything other than a legitimate holding company, used in an illegitimate manner by Kline.
Furthermore, because the district court made inadequate fact findings, we do not know whether Kline’s use of PMI was even the basis for applying the enhancement, or whether the district court based the enhancement on some other aspect of Kline’s conduct. As an appellate court, we should not be left guessing whether this, or that, was the reason for taking away twelve to twenty-seven months of a person’s liberty. The district court has an obligation to specifically indicate why it believes the enhancement applies, so that we can engage in a meaningful review of the issue.
The government also alleges Kline used “other corporate shells” to perpetrate his fraud. I found references in the record to three other entities Kline used to engage in fraudulent conduct. Kline admitted using “a brokerage account in the name of Etre Corporation to secretly purchase 26,-000 shares of Advance Circuits stock” and that he was “the founder and President of Etre Corporation.” Plea Agreement at 2-3. But there is no evidence Etre Corporation was a corporate shell. More significantly, this conduct took place in “the late summer of 1989,” id. at 2, and therefore before the sophisticated means enhancement took effect and prior to the conspiracy charged in the indictment.
Kline also admitted “in late August 1989, he utilized a brokerage account registered in the name of CK Investments, Inc. to secretly purchase approximately 45,000 *991 shares of Advance Circuits stock.” Id. at 3. Once again, there is no evidence in the record that CK Investments, Inc. was a corporate shell. This conduct also occurred well before the effective date of the sophisticated means enhancement, and pri- or to the conspiracy charged in the indictment.
Finally, Kline admitted that “on September 23, 1998, [he made] a purchase of 10,000 shares of Tower stock ... in his wife’s brokerage account.” Id. at 6. Once again, there is no evidence in the record that Kline’s wife’s brokerage account was a corporate shell, and this conduct also took place prior to the effective date of the sophisticated means enhancement.
The PSR also refers to the fact that Kline forged signatures of a former business associate to open PMI brokerage accounts and to help avoid certain SEC reporting requirements in relation to insider transactions. PSR at ¶25. The indictment indicates, however, this conduct occurred in November 1989, February 1991, and August 1994. Indictment at 4. Thus, the forgery also took place before the sophisticated means enhancement took effect, and prior to the conspiracy charged in the indictment.
It is realized Kline hid his transactions by failing to report them to the SEC, but such does not convince me that conduct alone justifies application of the sophisticated means enhancement. It does not require a great deal of sophistication to neglect to file a report with the SEC. That type of conduct would be involved in many insider trading cases. So, unless application of the enhancement for sophisticated means is to be a foregone conclusion in every insider trading case where the defendant fails to report a transaction to the SEC, some other sophisticated means should be required to justify the enhancement.
In sum, this case appears to me to be a run-of-the-mill insider trading case. Kline’s fraudulent conduct was certainly extensive, both as to the length of time during which it was conducted, and the amount of illegitimate funds garnered. But the fraud involved does not appear to me to be any more sophisticated than five individuals sharing inside information, and failing to report the resulting transactions to the SEC. I therefore do not believe the sophisticated means enhancement should apply.